# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5737 | **DATE** | 5/27/2004 |
| **CASE TITLE** | Derrick vs. Frank Foundation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion to reconsider the order for dismissal for want of prosecution and reinstate the case is granted. Case reinstated. For the reasons stated on the attached memorandum opinion, the Court hereby grants both defendants' motions to dismiss [8-1], [10-1]. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAY 2 8 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. Memorandum Opinion distributed in open Court. | | docketing deputy initials | 23 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MW6 | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Steven Derrick and Michelle Derrick, individually, and as Parents and Next Friends of Kaleena Derrick, a minor )<br>)<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Frank Foundation Child Assistance )<br>International, Inc. a foreign corporation, )<br>and Frank Adoption Center, A North )<br>Carolina Corporation )<br>)<br>)<br>Defendants. ) | No. 03 C 5737 |



## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Frank Adoption Center's ("FAC") motion to dismiss and on Defendant Frank Foundation Child Assistance International, Inc.'s ("FFCAI") motion to dismiss. For the reasons stated below we grant both motions to dismiss.

1

## BACKGROUND

Plaintiffs Stephen Derrick and Michelle Derrick adopted Kaleena Derrick ("Kaleena") from Russia. FAC acted as the adoption agency for Plaintiffs. FFCAI provided FAC with information regarding Kaleena during the adoption process. Approximately seven months after Kaleena was adopted, she was diagnosed with cerebral palsy. Plaintiffs have brought suit against FAC alleging that FAC concealed and/or inaccurately related the medical information for Kaleena. Plaintffs have brought claims against Defendants for fraud, negligent misrepresentation, breach of contract, breach of Illinois Consumer Fraud Act, and adoption agency malpractice. Both Defendants have filed motions to dismiss.

## LEGAL STANDARD

Federal Rule of Procedure 12(b)(3) motion to dismiss is the proper manner to challenge venue based upon a forum selection clause. *Continental Ins. Co. v. M/V ORSULA*, 354 F.3d 603, 606-07 (7th Cir. 2003). If a court determines that it is not the proper venue for the action the court is required to dismiss the action or "if it be in there interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See also Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)(stating that a sufficient reason to transfer a case to the

proper venue is that the plaintiff will be time-barred from filing a new claim in the other venue).

## DISCUSSION

FAC argues that this case should be dismissed because in the "Foreign Child Placing Services Agreement" ("Agreement") Plaintiffs agreed to the jurisdiction of North Carolina courts. If a forum selection clause is included in an agreement the clause is considered to be *"prima facie* valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances." *Calanca v. D & S Mfg. Co.*, 510 N.E.2d 21, 23 (Ill. App. Ct. 1987). In determining whether a forum selection clause is unreasonable a court should consider: "(1) which law governs the formation and construction of the contract; (2) the residency of the parties involved; (3) the place of execution and/or performance; (4) the location of the parties and witnesses participating in the litigation; (5) the inconvenience of the parties of any particular location; and (6) whether the clause was equally bargained for." *Id.* The court should also consider whether the opposing party has shown "that enforcement would contravene the strong public policy of the state in which the case is brought." *Yamada Corp. v. Yasuda Fire and Marine Ins. Co., Ltd.*, 712 N.E.2d 926, 930-34 (Ill. App. Ct. 1999). In considering the potential inconvenience to the parties caused by the forum selection clause the court should inquire as to whether "the chosen forum would be so seriously inconvenient

for trial that the opposing party would be deprived of his or her day in court" and whether or not "both parties freely entered into the agreement contemplating such inconvenience should there be a dispute." *Id.*

In the instant case, Plaintiffs are Illinois residents and FAC is located in North Carolina. A portion of the contract was performed in Illinois, North Carolina, and Russia. Potential witnesses are located in Illinois, North Carolina, and Russia. Plaintiffs have not shown that they will be particularly inconvenienced to the extent that they will be deprived of their day in court. Although Plaintiffs reside in Illinois, nothing prevents them from securing local counsel in North Carolina and pursuing this action. If Plaintiffs cannot afford an attorney then they may apply to the North Carolina court for an appointment of counsel. Also, Plaintiffs may be able to secure counsel on a contingency fee basis. Plaintiffs are currently represented by counsel in the action before us. There is also no indication that the clause was not equally bargained for. Plaintiffs claim that when they signed the Agreement they were "unsophisticated individuals who lacked the ability to understand and bargain for this unreasonable forum selection clause in the agreement." (Ans. Mot. 10). However, Plaintiffs admit that they had a day to read the Agreement before signing it. There is nothing unclear about the clause. The following is included in the Agreement:

> 12. **Governing Law.** This Agreement shall be governed, construed and enforced in accordance with the laws of the State of North Carolina, without regard to any conflicts of law provisions. The Adoptive Parents and Frank hereby consent to jurisdiction of the state and federal courts of the State of

North Carolina over any disputes arising from, or in connection with, this Agreement.

The paragraph is isolated near the top of the page and there is a blank line before and after the paragraph. The paragraph is straightforward and does not contain legal language that would confuse an average layperson. In addition Paragraph 9 of the Agreement states as follows:

> **9. Opportunity to Consult Counsel** The Adoptive Parents acknowledge and agree that they have had adequate opportunity to consult with independent counsel of their choosing with respect to the terms of this Agreement and that they have made their own decision, without any influence by Frank, or any of its agents with respect to such consultation.

This paragraph is also straightforward and self-explanatory. Thus, Plaintiffs read paragraphs 9 and 12 and chose to sign the Agreement the following day. Plaintiffs have not offered any explanation that would indicate that they were unfairly forced into the Agreement. In fact, in their own answer brief, Plaintiffs argue that they "could not have anticipated being the subject of a lawsuit for wrongful adoption. . . ." (Ans. Mot. 10). While that may be true, and Plaintiffs may not have anticipated litigation, the fact remains that they agreed to the provisions of Paragraphs 9 and 12 and that the provisions were part of the bargained for exchange that formed the terms of the contract. We have also considered the public policy arguments made by Plaintiffs and we find that Illinois public policy does not demand that this action be brought in Illinois. Therefore, we find that North Carolina is the proper venue for

this dispute and we grant FAC's motion to dismiss. Plaintiffs have not advanced any arguments or evidence that they will be time-barred from filing a new suit in North Carolina. If Plaintiffs believe that they will be time-barred from filing a new suit in North Carolina, Plaintiffs should file a motion for reconsideration within ten business days of this ruling.

In regards to FFCAI, since we have determined that North Carolina is the proper forum for the dispute between Plaintiffs and FAC, we also deem it the proper forum for the dispute between Plaintiffs and FFCAI. Although FFCAI was not party to the Agreement which contains the forum selection clause, weighing the convenience of the parties and witnesses, and the public interest, and considering the fact that a North Carolina suit would be a more comprehensive suit we dismiss the claims against FFCAI based upon the doctrine of *forum non conveniens.* See *In re Ford Motor Co., Bridgestone/Firestone North American Tire, LLC,* 344 F.3d 648, 652 (7th Cir. 2003)(stating that "[i]n determining whether to dismiss, courts [should] consider whether an adequate alternative forum is available to hear the case, and whether various private and public interest factors clearly indicate that the suggested alternative forum is superior.").

## CONCLUSION

Based upon the foregoing analysis, we grant FAC's motion to dismiss and we grant FFCAI's motion to dismiss.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 27, 2004